GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: TALIA KRAEMER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2822
Facsimile: (212) 637-2702
Email: talia.kraemer@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>              v.<br><br>ROGER GRAY, SHELLEY GRAY a/k/a SHELLY GRAY, CENTER LINE STUDIOS, KEYBANK NATIONAL ASSOCIATION, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, COMMISSIONER OF TAXATION AND FINANCE, WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK, WELLS FARGO BANK, N.A., A NATIONAL BANKING ASSOCIATION, and JOHN DOES 1 THROUGH 10,<br><br>                              Defendants. | 18 Civ. 5531<br><br>**COMPLAINT** |

Plaintiff, United States of America ("the United States" or "the Government"), by and through its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, for its complaint herein alleges upon information and belief as follows:

<u>INTRODUCTION</u>

1.      This is an action brought by the United States to foreclose a mortgage on two properties located in the Town of Cornwall, County of Orange and State of New York, within the Southern District of New York: (1) one with the street address of 41 Meadowbrook Lane, New

Windsor, NY 12553, and (2) one with the street address of 70 Meadowbrook Lane, New Windsor, NY 12553 (the "Mortgaged Properties").

JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b), in that the properties are located within the Southern District of New York.

THE PARTIES

4.      The United States is a sovereign government. The Small Business Administration ("SBA") is an agency of the government of the United States. SBA provides low-interest disaster loans to businesses of all sizes, private non-profit organizations, homeowners, and renters. SBA disaster loans can be used to repair or replace the following items damaged or destroyed in a declared disaster: real estate, personal property, machinery and equipment, and inventory and business assets.

5.      Roger Gray and Shelley Gray ("the Grays") reside at 261 Otterkill Road, New Windsor, NY 12553, and are the fee owners and mortgagors of the Mortgaged Properties.

6.      Center Line Studios (the "company"), located at 112 Forge Hill Road, New Windsor, NY 12553, is an interested party in this matter.

7.      Keybank National Association, located at 66 South Pearl Street, Albany, NY 12207, is named as a defendant herein because it is a potential judgment creditor and may have a claim against the Mortgaged Properties arising from a Judgment Upon Order entered July 19, 2017, in the Supreme Court of the State of New York, County of Orange, index number 2015-8128.

8.      The New York State Department of Taxation and Finance, Commissioner of Taxation and Finance, located at WA Harriman Campus, Albany, New York 12227, is named as a defendant herein because it is a potential judgment creditor and may have a claim against

the Mortgaged Properties arising from tax assessments evidenced by Warrant ID E-020395787-W003-4, Warrant ID E-120395787-W010-4, Warrant ID E-020395787-W004-8, Warrant ID E-120395787-W011-8, Warrant ID E-020395787-W005-3, and Warrant ID E-120395787-W014-2, filed with the Orange County Clerk with instrument numbers 20170016356, 20170016358, 20170067156, 20170067160, 20170089046, and 20170089047 respectively.

9.      The Workers' Compensation Board of the State of New York, located at Workers' Compensation Board, c/o James R. McGinn, Esq., 328 State St., Schenectady, NY 12305, is named as a defendant herein because it is a potential judgment creditor and may have a claim against the Mortgaged Properties arising from a judgment entered on April 12, 2017, in the Supreme Court of the State of New York, County of Orange, judgment number 1865481, index number 002738-2017.

10.      Wells Fargo Bank, N.A., A National Banking Association located at 100 West Washington Street, Phoenix, Arizona 85003, is named as a defendant herein because it is a potential judgment creditor and may have a claim against the Mortgaged Properties arising from a judgment entered on December 7, 2017, in the Supreme Court of the State of New York, County of Orange, index number EF002655-2017.

11.      John Does Nos. 1-10 are persons or parties that may be in possession of, having, or claiming an interest in or lien on the Mortgaged Properties.

<u>FACTS AND CLAIMS FOR RELIEF</u>

12.      On or about March 23, 2002, Center Line Studios executed and delivered a secured promissory note to SBA in the principal amount of $388,700.00, plus interest at the rate of 4% annually ("the Note").

13.      On or about March 29, 2002, the Grays executed an Unconditional Guarantee (the "Guarantee") obligating them as guarantors of the Note. True and correct copies of the

3

Note and Guarantee are attached hereto as Exhibit A.

14. The Note required Center Line Studios to pay the indebtedness evidenced by the Note as provided therein. The Guarantee required the Grays to pay all amounts due under the Note upon written demand from SBA.

15. On or about March 23, 2002, to secure payment of the Note, the Grays also executed and delivered a real estate mortgage ("the Mortgage") with the Note in favor of SBA covering the Mortgaged Properties, described therein. The Mortgage was recorded on April 16, 2002, in the Orange County Clerk's Office in the Book of Mortgages in Liber 9309 at page 189. A true and correct copy of the Mortgage is attached hereto as Exhibit B.

16. The Mortgage required the Grays to promptly pay the indebtedness evidenced by the Note at the times and in the manner therein provided, to pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, as well as such expenses and fees as may be incurred in the protection and maintenance of the Mortgaged Properties, and to keep the Mortgaged Properties insured. The Mortgage further provided that in the event of a default in making payments of encumbrances on the Mortgaged Properties, the SBA was authorized to make such payments as advances for the account. Pursuant to the terms of the Mortgage, such advances became part of the indebtedness secured by the Mortgage.

17. On or about April 3, 2014, the indebtedness due under the Note was accelerated for nonpayment. On that day, SBA mailed Center Line Studios a Notice of Default and Acceleration of Promissory Note (the "Notice"). In the Notice, SBA advised Center Line Studios that according to the terms of the promissory note, Center Line Studios was required to pay $2,876.00 per month on the 23rd day of each month commencing March 23, 2002. The Notice also advised that Center Line Studios had failed to make the payments that were due on January 23, 2014, and on the 23rd day of each subsequent month.

4

18.     Also on or about April 3, 2014, SBA mailed a Notice of Default & Acceleration of Promissory Note – Demand for Payment as Guarantor of Promissory Note (the "Guarantor Demand"). In the Guarantor Demand, SBA stated that the Note was in default due to non-payment of monthly installments of $2,876.00, which became due on January 23, 2014, and on the 23rd day of subsequent month. The Guarantor Demand further provided that because of this default, the entire balance of the indebtedness was due and payable, and that SBA was making demand upon the guarantor for payment of the entire balance due. SBA mailed an updated Guarantor Demand on or about January 28, 2015. True and correct copies of the April 3, 2014 Notice, the April 3, 2014 Guarantor Demand, and the January 28, 2015 Guarantor Demand are attached hereto as Exhibit C.

19.     Despite demands for payment, Center Line Studios failed to make the installment payments required by the Note and the Mortgage, or otherwise make payments sufficient to render the loan current. Further, the Grays failed to make payment as guarantors of the Note for the balance due under the Note upon demand. On account of the Grays' and Center Line Studios' default and failure to render payment, the entire outstanding balance of principal and interest is now due.

20.     As of May 4, 2018, the Grays were justly indebted to the United States on the Note for the principal amount of $230,146.87, plus accrued interest in the amount of $37,678.05. The total amount of the debt as of May 4, 2018, was $267,824.92.  Interest continues to accrue on the principal balance at a rate of $25.22 daily. A true and correct copy of the Certificate of Indebtedness is attached hereto as Exhibit D.

21.     In order to protect its security interest, the United States may be compelled, during the pendency of this action, to pay taxes, assessments, water or sewer rates, water charges, insurance premiums, and any other charges affecting the premises. The United States requests that any sums so paid be added to the sum otherwise due, be deemed secured by the

5

Mortgage, and adjudged a valid lien on the premises herein described.

22.    No other action has been commenced at law or otherwise for the recovery of the sum, or any part thereof, secured by the Note and Mortgage.

WHEREFORE, plaintiff, the United States of America, respectfully requests that the Court:

(a)   enter judgment holding the Grays in default on the Guarantee and Mortgage;

(c)   adjudicate the amount due plaintiff on the Note/Guarantee and Mortgage;

(d)   enter judgment ordering that the named defendants, and all other persons whose claims are subsequent to or recorded after the filing of notice of pendency of this action in the office of the Clerk of Orange County in the State of New York, be forever barred and foreclosed from all right, title, claim, lien, or other interest in the Mortgaged Properties;

(e)   enter an order (1) directing the foreclosure and sale of the Mortgaged Properties with the proceeds to be first applied to pay the liens of taxing authorities entitled to priority, if any, and thereafter to amounts due plaintiff under the Note/Guarantee and Mortgage, with interest to the date of payment, plus costs and disbursements of this action, and (2) reserving plaintiff's right to collect any deficiency from the Grays; and

(f)  order such further relief as the Court may deem just.

Dated:  New York, New York
       June 19, 2018

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: */s/ Talia Kraemer*
       TALIA KRAEMER
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Telephone: (212) 637-2822
       Facsimile:  (212) 637-2702
       talia.kraemer@usdoj.gov

# Exhibit A



| U.S. Small Business Adminstration | Date: March 23, 2002 |
| **NOTE** | Loan Amount: $388,700.00 |
| (SECURED DISASTER LOANS) | Annual Interest Rate: 4.000% |

Control # 9M49-04106     Loan # EIDL 52885840-06

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of <u>Three Hundred Eighty-Eight Thousand Seven Hundred and no/100</u> Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS:** A) "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. B) "Guarantor" means each person or entity that signs a guarantee of payment of this Note. C) "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of <u>$2,876.00</u> every <u>month</u> beginning <u>Twenty-Five (25)</u> months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable <u>Seventeen (17) Years</u> from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: A) Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; B) Defaults on any other SBA loan; C) Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; D) Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; E) Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; F) Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; G) Fails to pay any taxes when due; H) Becomes the subject of a proceeding under any bankruptcy or insolvency law; I) Has a receiver or liquidator appointed for any part of their business or property; J) Makes an assignment for the benefit of creditors; K) Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; L) Dies; M) Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, N) Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: A) Require immediate payment of all amounts owing under this Note; B) Have recourse to collect all amounts owing from any Borrower or Guarantor; C) File suit and obtain judgment; D) Take possession of any Collateral; or, E) Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: A) Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; B) Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; C) Release anyone obligated to pay this Note; D) Compromise, release, renew, extend or substitute any of the Collateral; and E) Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **WHEN FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. **GENERAL PROVISIONS:** A) All individuals and entities signing this Note are jointly and severally liable. B) Borrower waives all suretyship defenses. C) Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. D) SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. E) Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. F) If any part of this Note is unenforceable, all other parts remain in effect. G) To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. H) SBA may sell or otherwise transfer this Note.

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

Corporate Seal

Dated this 2 7 day of M A R c H , 200 2.

Corporate Execution

Center Line Studios, Inc.

By: _____
Roger P. Gray, President

By: _____
Shelley Gray, Secretary

RECEIVED
APR 03 2002
U.S. SBA DA 01
LEGAL DEPT.



U.S. Small Business Adminstration

# UNCONDITIONAL GUARANTEE
## (DISASTER LOANS)

| SBA Loan # | EIDL 52885840-06 |
|---|---|
| Control # | 9M49-04106 |
| Guarantor | Roger P. Gray and Shelley Gray |
| Borrower | Center Line Studios, Inc. |
| Date | March 23, 2002 |
| Note Amount | $388,700.00 |

1. **GUARANTEE:**

   Guarantor unconditionally guarantees payment to SBA of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when SBA makes written demand upon Guarantor. SBA is not required to seek payment from any other source before demanding payment from Guarantor.

2. **NOTE:**

   The "Note" is the promissory note dated <u>March 23, 2002</u> in the principal amount of <u>Three Hundred Eighty-Eight Thousand Seven Hundred and no/100</u> Dollars, from Borrower to SBA. It includes any assumption, renewal, substitution, or replacement of the Note.

3. **DEFINITIONS:**

   "Collateral" means property, if any, taken as security for payment of the Note or any guarantee of the Note.
   "Loan" means the loan evidenced by the Note.
   "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
   "SBA" means the Small Business Administration, an Agency of the United States of America.

4. **SBA'S GENERAL POWERS:**

   SBA may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

   A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;
   B. Refrain from taking any action on the Note, the Collateral, or any guarantee;
   C. Release any Borrower or any guarantor of the Note;
   D. Compromise or settle with the Borrower or any guarantor of the Note;
   E. Substitute or release any of the Collateral, whether or not SBA receives anything in return;
   F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;

G. Bid or buy at any sale of Collateral by SBA or any other lienholder, at any price SBA chooses; and

H. Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against SBA.

5.  **FEDERAL LAW:**

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6.  **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

To the extent permitted by law,

A.  Guarantor waives all rights to:

1)  Require presentment, protest, or demand upon Borrower;

2)  Redeem any Collateral before or after SBA disposes of it;

3)  Have any disposition of Collateral advertised; and

4)  Require a valuation of Collateral before or after SBA disposes of it.

B.  Guarantor waives any notice of:

1)  Any default under the Note;

2)  Presentment, dishonor, protest, or demand;

3)  Execution of the Note;

4)  Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;

5)  Any change in the financial condition or business operations of Borrower or any guarantor;

6)  Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and

7)  The time or place of any sale or other disposition of Collateral.

C.  Guarantor waives defenses based upon any claim that:

1)  SBA failed to obtain any guarantee;

2)  SBA failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;

3)  SBA or others improperly valued or inspected the Collateral;

4)  The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;

5)  SBA impaired the Collateral;

6)  SBA did not dispose of any of the Collateral;

7)  SBA did not conduct a commercially reasonable sale;

8)  SBA did not obtain the fair market value of the Collateral;

9)  SBA did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;

10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;

11) SBA made errors or omissions in Loan Documents or administration of the Loan;

12) SBA did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;

13) SBA impaired Guarantor's suretyship rights;

14) SBA modified the Note terms, other than to increase amounts due under the Note. If SBA modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;

15) Borrower has avoided liability on the Note; or



9M49-04106 / EIDL 52885840-06
Center Line Studios, Inc.

    16) SBA has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7. **DUTIES AS TO COLLATERAL:**

Guarantor will preserve the Collateral, if any, pledged by Guarantor to secure this Guarantee. SBA has no duty to preserve or dispose of any Collateral.

8. **SUCCESSORS AND ASSIGNS:**

Under this Guarantee, Guarantor includes successors, and SBA includes successors and assigns.

9. **GENERAL PROVISIONS:**

  A.  ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses SBA incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

  B.  SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

  C.  JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

  D.  DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral.

  E.  FINANCIAL STATEMENTS. Guarantor must give SBA financial statements as SBA requires.

  F.  SBA'S RIGHTS CUMULATIVE, NOT WAIVED. SBA may exercise any of its rights separately or together, as many times as it chooses. SBA may delay or forgo enforcing any of its rights without losing or impairing any of them.

  G.  ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

  H.  SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

  I.  CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by SBA as to the Loan.

10. **GUARANTOR ACKNOWLEDGMENT OF TERMS.**

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

**11. GUARANTOR NAME(S) AND SIGNATURE(S):**

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

Dated this _29_ day of _MARCH_____, 20_02_.

_____
Roger P. Gray

_____
Shelley Gray

State of New York          )
                           ) ss:
County of _Orange_         )

On the _29_ day of _March_____, in the year _2002_ before me, the undersigned, a Notary Public in and for said state, personally appeared <u>Roger P. Gray</u>, and <u>Shelley Gray</u>, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

JANICE A. DIANGE
Notary Public, State of New York
No. 01DI6034833
Qualified in Orange County
Commission Expires Dec. 20, 2005

**RECEIVED**

APR 0 3 2002

U⬚⬚⬚⬚ ⬚ ⬚⬚
LEGAL D⬚PT.

# EXHIBIT B

900   BK: 9309 PG: 189   04/16/2002   MORTGAGE (R)   Image: 1 of 8

## ORANGE COUNTY CLERK'S OFFICE RECORDING PAGE
### THIS PAGE IS PART OF THE INSTRUMENT – DO NOT REMOVE

TYPE IN BLACK INK:
NAME(S) OF PARTY(S) TO DOCUMENT

Roger P. Gray &
Shelley Gray

Administrator of the Small
Business Administration

SECTION 4  BLOCK 2  LOT 28 & 15

RECORD AND RETURN TO:
(name and address)

U.S. Small Business Administration
360 Rainbow Blvd S. 3rd Floor
Niagara Falls, New York 14303

*THIS IS PAGE ONE OF THE RECORDING*

ATTACH THIS SHEET TO THE FIRST PAGE OF EACH
RECORDED INSTRUMENT ONLY

### DO NOT WRITE BELOW THIS LINE

INSTRUMENT TYPE: DEED____ MORTGAGE _X_ SATISFACTION____ ASSIGNMENT____ OTHER____

## PROPERTY LOCATION

| | | |
|---|---|---|
| __2089 BLOOMING GROVE (TN) | __4289 MONTGOMERY (TN) | NO PAGES __8__  CROSS REF.____ |
| __2001    WASHINGTONVILLE (VLG) | __4201    MAYBROOK (VLG) | CERT.COPY____ ADD'L X-REF.____ |
| __2289 CHESTER (TN) | __4203    MONTGOMERY (VLG) | MAP/____ PGS.____ |
| __2201    CHESTER (VLG) | __4205    WALDEN (VLG) | |
| _✓_2489 CORNWALL (TN) | __4489 MOUNT HOPE (TN) | PAYMENT TYPE:  CHECK _X_ |
| __2401    CORNWALL (VLG) | __4401    OTISVILLE (VLG) | CASH____ |
| __2600 CRAWFORD (TN) | __4600 NEWBURGH (TN) | CHARGE____ |
| __2800 DEERPARK (TN) | __4800 NEW WINDSOR (TN) | NO FEE____ |
| __3089 GOSHEN (TN) | __5089 TUXEDO (TN) | |
| __3001    GOSHEN (VLG) | __5001    TUXEDO PARK (VLG) | Taxable |
| __3003    FLORIDA (VLG) | __5200 WALLKILL (TN) | CONSIDERATION $____ |
| __3005    CHESTER (VLG) | __5489 WARWICK (TN) | TAX EXEMPT____ |
| __3200 GREENVILLE (TN) | __5401    FLORIDA (VLG) | Taxable |
| __3489 HAMPTONBURGH (TN) | __5403    GREENWOOD LAKE (VLG) | MORTGAGE AMT. $ 388700 |
| __3401    MAYBROOK (VLG) | __5405    WARWICK (VLG) | DATE 3.23.2002 |
| __3689 HIGHLANDS (TN) | __5600 WAWAYANDA (TN) | |
| __3601    HIGHLAND FALLS (VLG) | __5889 WOODBURY (TN) | MORTGAGE TAX TYPE: |
| __3889 MINISINK (TN) | __5801    HARRIMAN (VLG) | __ (A) COMMERCIAL/FULL 1% |
| __3801    UNIONVILLE (VLG) | | __ (B) 1 OR 2 FAMILY |
| __4089 MONROE (TN) | **CITIES** | __ (C) UNDER $10,000 |
| __4001    MONROE (VLG) | __0900 . MIDDLETOWN | _X_ (E) EXEMPT |
| __4003    HARRIMAN (VLG) | __1100    NEWBURGH | __ (F) 3 TO 6 UNITS |
| __4005    KIRYAS JOEL (VLG) | __1300    PORT JERVIS | __ (I) NAT.PERSON/CR. UNION |
| | | __ (J) NAT.PER-CR.UN/1 OR 2 |
| | __9999    HOLD | __ (K) CONDO |

DONNA L. BENSON
ORANGE COUNTY CLERK

RECEIVED FROM: Goshen Searchers

LIBER 9309 PG 189

---

LIBER 9309   PAGE 189

ORANGE COUNTY CLERKS OFFICE   256:43 MRL
RECORDED/FILED 04/16/2002 02:07:34 PM
FEES     29.00  EDUCATION FUND    $ 5.00
SERIAL NUMBER: CT002062
MTG UNTL NO: 43501   MTAX   TOTAL0.02

900   BK: 9309 PG: 189   04/16/2002   MORTGAGE (R)   Image: 2 of 8

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
2120 Riverfront Drive
Little Rock, Arkansas, 72202

DISTRICT:
SECTION: 4
BLOCK: 2
LOT: 28 & 15

WHEN RECORDED MAIL TO:
U.S. SMALL BUSINESS ADMINISTRATION
360 Rainbow Blvd. South
Niagara Falls, NY  14303-1192

GOSHEN SEARCHERS INC.
20 SCOTCHTOWN AVENUE
GOSHEN, NEW YORK 10924
OFFICE: 914-294-6110
COUNTY BUILDING: 914-294-6913
NEWBURGH TIE LINE: 914-564-5150
FAX 914-294-0591

Center Line Studios, Inc.
# 9M49-04106 Loan No. EIDL 52885840-06

Go 11179

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## MORTGAGE
### (Direct)

This mortgage made and entered into this 23rd day of March 2002, by and between Roger P. Gray, who acquired title to Parcel 2 as Roger Gray, and Shelley Gray, who acquired title to Parcel 1 as Shelly M. Gray, also known as Shelley M. Gray, 46 Meadowbrook Lane, New Windsor, New York 12553 (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 2120 Riverfront Drive, Little Rock, Arkansas, 72202

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of Orange, State of New York:

Described in Exhibit "A" attached hereto and made a part hereof.

The property covered by this mortgage is or will be improved by a one or two family dwelling only.

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated March 23, 2002 in the principal sum of $388,700.00, signed by Roger P. Gray, President and Shelley Gray, Secretary, in behalf of Center Line Studios, Inc., and a Guarantee dated March 23, 2002 signed by Roger P. Gray and Shelley Gray.

1.      The mortgagor covenants and agrees as follows:

    *a.*      He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

LIBER 9309 PG 190

900   BK: 9309 PG: 189   04/16/2002   MORTGAGE (R)   Image: 3 of 8

*b.* He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the said mortgagee.

*c.* He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

*d.* For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

*e.* The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

*f.* He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

*g.* He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

*h.* He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

*i.* He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

*j.* All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

*k.* The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2.  Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent. If after default, the mortgagee shall deem it necessary to obtain an appraisal of the said property, the cost of such an appraisal shall be immediately due and payable and shall be secured by the lien of this mortgage.

2                    BK 9309 PG 191

Center Line Studios, Inc.
9M49-D4106 / EIDL 52885840-06

3.     The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal, county, or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4.     The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5.     In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement*.

6.     In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7.     The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8.     No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9.     In compliance with section 101.1 (d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1(d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

3

LIBER 9305 PG 192

900   BK: 9309 PG: 189   04/16/2002   MORTGAGE (R)   Image: 5 of 8

10.     A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not, in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11.     Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at 46 Meadowbrook Lane, New Windsor, New York 12553 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 2120 Riverfront Drive Little Rock, Arkansas, 72202

SEE ATTACHED RIDER FOR PARAGRAPHS 12 THROUGH 14.

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

State of New York       }
County of ORANGE        }  ss:

X _____
Roger P. Gray

X _____
Shelley Gray

On the 16th day of April, 2002 in the year 2002 before me, the undersigned, a Notary Public in and for said state, personally appeared Roger P. Gray, and Shelley Gray, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

JOHN M. WOOD
NOTARY PUBLIC, STATE OF NEW YORK
ORANGE COUNTY
MY COMMISSION EXPIRES
NOVEMBER 23, 2025

4        LIBER 9305 PG 193

Center Line Studios, Inc.
EIDL-52885840-06 / 9M49-04106

RIDER

TO

REAL ESTATE MORTGAGE, DATED:   <u>OF EVEN DATE HEREWITH</u>

FROM:   Roger P. Gray, who acquired title to Parcel 2 as
Roger Gray, and Shelley Gray, who acquired
title to Parcel 1 as Shelley M. Gray, also known
as Shelley M. Gray

41 Meadowbrook Lane, New Windsor, New
York  12553

12. That the mortgagor will, in compliance with Section 13 of the Lien Law of the State of New York receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement before using any part of the total of the same for any other purpose.

13. It is agreed by the parties hereto that if the mortgaged premises are sold or transferred voluntarily, involuntarily or by operation of law without the prior written consent of the mortgagee, the mortgagee may, at its option, declare the entire unpaid principal and interest immediately due and payable. Acceptance by the mortgagee of any payments after any sale or transfer shall not constitute a waiver of the provisions of this paragraph and the provisions hereof shall apply to each such sale or transfer.

14. Upon the mortgagor's default in any of the covenants or conditions of this instrument or of the note or loan agreement, or in any action, suit or proceeding brought to foreclose this mortgage, the mortgagee shall be entitled without notice to the mortgagor and without regard to the adequacy of any security for the indebtedness secured hereby and without regard to the solvency of the mortgagor, to have a receiver of rents and profits of the premises appointed with all the rights and powers permitted under the laws of the State of New York. In the event that such a receiver is appointed hereunder, such receiver shall have and may enforce all of the rights and remedies of the mortgagee under paragraph (2) hereof to the maximum extent permitted by law.

LIBER 9309 PG 194

Name: Center Linn Studios, Inc.

Control No. / Loan No: 9M49-04108 / EIDL 52885840-06

EXHIBIT "A"

Parcel 1

ALL that certain piece or parcel of land lying, situate and being in the Town of Cornwall, County of Orange and State of New York, bounded and described as follows:

BEGINNING at a point in the center of a thirty (30') foot right-of-way known as Meadowbrook Lane, which with its connecting streets leads to New York State Route 94; and running thence, along the southerly line of lands now or formerly of Frank and Ethel Davis, North 63 degrees 40 minutes East 484.12 feet to a point on the westerly line of lands now or formerly of Eugene Littman and James Z. Patsalos, said point being 266.75 feet southerly from the southerly line of lands now or formerly of Louis and JoAnn Reda which line is parallel therewith; thence, along the line of lands of said Littman and Patsalos, South 26 degrees 20 minutes East 93.59 feet to an iron pipe found; thence along the northerly line of lands now or formerly of John A. and Pamela J. Clerk, South 63 degrees 40 minutes West passing through an iron pipe found at 432.34 feet, a total distance of 446.82 feet to a point in the center of aforesaid thirty (30') foot right-of-way; thence along the center of said right-of-way, North 48 degrees 04 minutes West 100.75 feet to the point or place of beginning.

Premises more commonly known as 41 Meadowbrook Lane, New Windsor, New York 12553.

Parcel 2

All that certain tract of land lying and being in the Town of Cornwall, County of Orange, State of New York, being more particularly described as follows:

Being shown and designated as "Remaining Portion of Section 4 Block 2 Lot 15  45,562.50 Square Feet" on map "Property Line Change for Roger and Shelley Gray" dated 5/26/92, last revised 7/23/92 and filed in the Orange County Clerk's Office on 11/25/92 as Map #251-92.

Premises more commonly known as 70 Meadowbrook Lane, New Windsor, New York 12553.

Page 7

900   BK: 9309  PG: 189   04/16/2002   MORTGAGE (R)   Image: 8 of 8

Center Line Studios, Inc.
9M49-04106 / BIDL 52885840-06

## AFFIDAVIT AS TO EXEMPTION
## FROM MORTGAGE TAX

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NIAGARA     )

Merle Morris  being duly sworn, deposes and says that:  I am an authorized employee of the Disaster Assistance - Area 1 Office of the SMALL BUSINESS ADMINISTRATION, an Agency of the United States Government, duly created by an Act of Congress and having its principal office at 409 Third Street, S.W., Washington, D.C. 20416, and having a disaster office at Disaster Assistance - Area 1, 360 Rainbow Blvd. South, Niagara Falls, NY 14303-1192.

The United States Small Business Administration is a federal agency created by the United States Small Business Investment Act of 1958 as amended (15 U.S.C. sections 631, et.seq.) and the interests of the SBA are exempt from state and local taxation (U.S. v. Schwartz, 278 F.Supp. 328 [S.D.N.Y. 1969]).

I hereby certify that the U.S. Small Business Administration is making a loan in the amount of Three Hundred Eighty-Eight Thousand Seven Hundred and no/100 DOLLARS ($388,700.00) to Center Line Studios, Inc. secured by a Real Estate Mortgage executed by Roger P. Gray, who acquired title to Parcel 2 as Roger Gray, and Shelley Gray, who acquired title to Parcel 1 as Shelly M. Gray, also known as Shelley M. Gray covering property located at 41 Meadowbrook Lane, New Windsor, New York, 12553 to be offered herewith for recording.

I make this affidavit for the purpose of exempting the Borrower from payment of the State mortgage recording tax (Tax Law Article 11) inasmuch as said mortgage is executed for the immediate benefit of an Administration of the United States of America and as such is immune from mortgage recording tax by virtue of its constitutional supremacy (Pittman v. Home Owners Corp, 308 U.S. 21 [Sup. Ct. 1939]; Federal Land Bank v. Crosland, 261 U.S. 374 [Sup. Ct. 1922]; 1956 Informal Opinions of the Attorney General 26; 1938 Informal Opinions of the Attorney General 200; 1934 Informal Opinions of the Attorney General 189; 55 State Dept.).

I make this affidavit for the purpose of fully exempting the said mortgage from payment of all mortgage recording taxes inasmuch as the said mortgage is being executed and delivered under the Federal Authority creating the said U.S. Small Business Administration.

Merle Morris
Attorney/Advisor
Disaster Assistance - Area 1

Sworn to and subscribed before me this 15th day of April     20 02

NOTARY PUBLIC

JAMES A. PRYOR
Notary Public, State of New York
Qualified in Erie County
Registration No. 01PR6060975
Commission expires July 16, 20 23

UB#9309PG 196

EXHIBIT C



**U.S. SMALL BUSINESS ADMINISTRATION**
200 W. SANTA ANA BLVD., STE. 180
SANTA ANA, CALIFORNIA 92701

January 28, 2015

## NOTICE OF DEFAULT & ACCELERATION OF PROMISSORY NOTE
## DEMAND FOR PAYMENT AS GUARANTOR OF PROMISSORY NOTE

FIRST CLASS MAIL

ROGER P GRAY
261 OTTERKILL RD
NEW WINDSOR, NY  12553

Re:  SBA Loan No.:    CENTER LINE STUDIOS INC.
                     528-858-4006

Dear Mr. Gray:

The promissory note executed by the borrower on <u>MARCH 23, 2002</u>, in connection with a loan made by the U.S. Small Business Administration in the original amount of $<u>388,700.00</u>, is in default because of nonpayment of monthly installments of principal and interest, each in the amount of $<u>2,876.00</u>.00, which became due on <u>MARCH 23, 2014</u>, and on the <u>23rd</u> day of each subsequent month.

Because of this serious uncured breach in the terms and conditions of said Note, this Agency does hereby declare the entire balance of indebtedness as of April 9, 2015, due and payable. The outstanding balance due is:

| | |
|---|---|
| Principal Balance | $229,690.87 |
| Accrued Interest Through 4/9/15 | $  7,592.68 |
| Total Due SBA | $237,283.55 |
| Daily Rate of Accruing Interest | $25.17 |

On <u>MARCH 23, 2002</u>, you executed a guaranty in connection with this loan. Demand is hereby made upon you as guarantor for payment of the entire balance due. Should you not comply with this demand by <u>FEBRUARY 11, 2015</u>, we shall feel justified in taking such legal and other action, including foreclosure, as we may deem necessary or appropriate to protect the Government's Interest. Payment on your loan should be sent to the payment address indicated on your monthly billing statement. There is also a faster, easier method of submitting your payment electronically by using Pay.Gov. The Pay.Gov web address is <u>www.pay.gov</u>. Pay.Gov is a secure website which can be used with a debit/credit card or payment made directly from your bank account.

If you would like to discuss this matter, please call NDLRC, Santa Ana at  (855) 778-3154

Website: http://www.sba.gov/content/national-disaster-loan-resolution-center-ndlrc

Sincerely,

Central Processing Unit



**U. S. SMALL BUSINESS ADMINISTRATION**
BIRMINGHAM DISASTER LOAN SERVICING CENTER
801 Tom Martin Drive, Suite 120
BIRMINGHAM, ALABAMA 35211

## NOTICE OF DEFAULT & ACCELERATION OF PROMISSARY NOTE

Date:  April 3, 2014

Center Line Studios, Inc
261 OTTERKILL RD
NEW WINDSOR, NY  12553

Re:   SBA Loan # 5288584006

Dear:  Borrower

The promissory note you executed on 3/21/2002, in connection with a loan made by the U.S. Small Business Administration in the amount of $388,700.00, is in default.  The default is due to non-payment of monthly installments of $ 2,876.00 including principal and interest, which became due on 1/23/2014 and continuing on the 23rd day of each subsequent month.

Because of this serious default in the terms and conditions of said note, the SBA does hereby declare the entire balance of indebtedness to be due and owing.

| | |
|---|---|
| Loan Balance | $257,917.93 |
| Accd Int. Through  4/3/2014 | $ 2,826.50 |
| Total Due SBA | $260,744.43 |
| Daily Rate of Accruing Interest | 4.00% |

<u>Demand is hereby made upon you and the terms of said note for payment of the entire balance due.  If payment of this demand is not made on or before 4/17/2014; we shall take such legal and other actions, deemed necessary or appropriate to protect the government's interest.</u>

Payment on your loan should be sent to the payment address indicated on your billing statement.  There is also a faster, easier method of submitting your payment electronically by using Pay.Gov (www.pay.gov).  Pay.Gov is a secure website which can be used with a debit/credit card or payment made directly from your bank account.

If you have any questions regarding this matter, please immediately contact Candace D. Thomas from the SBA Birmingham Disaster Loan Servicing Center at (800) 736-6048, ext. 7195 or by email at candace.guice@sba.gov.

Sincerely,


Resolution Team



**U. S. SMALL BUSINESS ADMINISTRATION**
BIRMINGHAM DISASTER LOAN SERVICING CENTER
801 Tom Martin Drive, Suite 120
BIRMINGHAM, ALABAMA 35211

## NOTICE OF DEFAULT & ACCELERATION OF PROMISSARY NOTE
## DEMAND FOR PAYMENT AS GUARANTOR OF PROMISSORY NOTE

Date:  April 3, 2014
Attention: Shelly Gray
Center Line Studios, Inc
261 OTTERKILL RD
NEW WINDSOR, NY  12553

Re:    SBA Loan # 5288584006

Dear:  Borrower

The promissory note that was executed on 3/21/2002, in connection with a loan made by the U.S. Small Business Administration in the amount of $388,700.00, is in default.  The default is due to non-payment of monthly installments of $ 2,876.00 including principal and interest, which became due on 1/23/2014 and continuing on the 23rd day of each subsequent month.

Because of this serious default in the terms and conditions of said note, the SBA does hereby declare the entire balance of indebtedness as of 3/21/2002 to be due and payable.  The outstanding balance due is:

| | |
|---|---|
| Loan Balance | $257,917.93 |
| Accd Int. Through  4/3/2014 | $ 2,826.50 |
| Total Due SBA | $260,744.43 |
| Daily Rate of Accruing Interest | 4.00% |

**On 3/21/2002, you executed a guaranty in connection with this loan.  Demand is hereby made upon you as guarantor for payment of the entire balance due.  Should you not comply with this demand by 4/17/2014; we feel justified in taking legal and any other actions, deemed necessary or appropriate to protect the government's interest.**

Payment on your loan should be sent to the payment address indicated on your billing statement.  There is also a faster, easier method of submitting your payment electronically by using Pay.Gov (www.pay.gov).  Pay.Gov is a secure website which can be used with a debit/credit card or payment made directly from your bank account.

If payment is not forthcoming and the SBA is forced to refer you file to the United States Attorney and/or the Treasury Department for enforced collection, substantial collection fees and costs shall be added to your account.

If you have any questions regarding this matter, please immediately contact Candace D. Thomas from the SBA Birmingham Disaster Loan Servicing Center at (800) 736-6048, ext. 7195 or by email at candace.guice@sba.gov.

Sincerely,


Resolution Team

# EXHIBIT D



**U.S. Small Business Administration**

New York District Office
26 Federal Plaza Room 3100
New York, NY 10278

# <u>CERTIFICATE OF INDEBTEDNESS</u>

**NAME OF DEBTOR(S):**     **Roger Gray and Shelly Gray**
**ADDRESS OF DEBTOR(S):**     **261 Otterkill Rd, New Windsor, NY**
**AGENCY LOAN NUMBER:**     **5288584006**

**Total Debt Due to United States as of May 4, 2018:  $267.824.92**

I certify that the records of the SMALL BUSINESS ADMINISTRATION
(SBA) show that the debtors named above are indebted to the United States
in the principal amount of $230,146.87, plus interest in the amount of
$37,678.05 as of May 4, 2018 with interest accruing thereafter at the annual
rate of 4%.  Interest accrues on the principal amount of this debt at a rate of
$25.22 per day.

The claim arose in connection with a loan that the SBA granted to Borrower
Center Line Studios on or about March 21, 2002 in the principal amount of
$388,700.00 evidenced by a Note executed by Borrower.

According to the terms of the promissory note, the debtor was required to
pay $2,876.00 per month on the 23rd day of each month commencing April
23, 2004.  Debtor failed to make the payment that was due on March 23,
2014.

**Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the
information above is a true and accurate statement as reflected in the
records of the Small Business Administration.**

*Diana St. Louis*
**Diana St. Louis**
**District Counsel**

**Date:  May 4, 2018**